943 So.2d 387 (2006)
EAST FELICIANA PARISH
v.
RICHLAND PLANTATION, INC.
No. 2005 CA 1626.
Court of Appeal of Louisiana, First Circuit.
June 21, 2006.
Charles E. Griffin, II, St. Francisville, Counsel for Defendant/Appellant Richland Plantation, Inc.
Michael L. Hughes, St. Francisville, Counsel for Plaintiff/Appellee East Feliciana Parish.
Before: KUHN, GUIDRY, and PETTIGREW, JJ.
GUIDRY, J.
In this nullity action, appellant, Richland Plantation, Inc. (Richland Plantation), appeals the trial court's March 17, 2005 and May 25, 2005 judgments in favor of *388 appellee, East Feliciana Parish. For the reasons that follow, we reverse the judgment of the trial court.
On September 7, 2001, East Feliciana Parish filed a petition for expropriation, seeking to expropriate certain property owned by Richland Plantation in order to realign/replace the Ellis Road Bridge over Richland Creek. On March 27, 2002, East Feliciana Parish filed a supplemental petition for expropriation, requesting the matter be set for trial not less than sixty days from when the petition was filed, and that the court issue notice to Richland Plantation in accordance with La. R.S. 19:5 C. On April 8, 2002, the trial court signed an order and issued a notice setting the matter for "pre" trial, as indicated by a handwritten notation, on May 13, 2002.
On May 13, 2002, counsel for Richland was not present in court. According to the court minutes, East Feliciana Parish moved for preliminary default, whereupon the trial court ordered a preliminary judgment of default to be entered as to Richland Plantation and signed an order to that effect on May 30, 2002. Following a hearing to confirm the default, the trial court rendered judgment in favor of East Feliciana Parish. Richland Plantation was not present at this hearing and did not appeal from this judgment.
Thereafter, on February 14, 2005, Richland Plantation filed a petition to annul the September 12, 2002 judgment, alleging that the judgment is null and void because Richland Plantation was not served with process as required by law in that East Feliciana Parish failed to give notice to Richland Plantation of the trial as required by La. R.S. 19:5 C. Following a hearing, the trial court signed a judgment on March 17, 2005, rendering judgment in favor of East Feliciana Parish and against Richland Plantation rejecting its claims for nullity of the judgments previously rendered. Richland Plantation thereafter filed a motion for new trial, which was denied on May 25, 2005. Richland Plantation now appeals from these judgments.
Louisiana Revised Statute 19:5 provides:
A. Upon the institution of a suit for expropriation, the trial court shall issue an order fixing the time of the trial of the suit which shall not be less than sixty days from the filing of the suit.
B. The clerk of court shall issue to the defendant, at least sixty days before the time fixed for the trial, a notice signed by the clerk in his official capacity and under the seal of his office, accompanied by a certified copy of the petition, exclusive of exhibits, even if made a part thereof, and a certified copy of the order for trial.
C. The notice shall contain the following:
(1) The date of issuance.
(2) The title of the cause.
(3) The name of the person to whom it is addressed.
(4) The title and location of the court issuing it.
(5) The date fixed for trial.
(6) A statement that the person cited must file an answer within the fifteen day period after service of citation and that failure to file an answer within the fifteen day period constitutes a waiver by the defendant of all defenses to the suit except claims for money as compensation for the property sought to be expropriated and claims for money as damages to other property. [Emphasis added.]
In its nullity action, and on appeal, Richland Plantation asserts that though a notice attempting to comport with La. R.S. 19:5 was sent, that notice was not in fact a notice for trial, but was a pre-trial conference notification, and therefore, the time *389 delay within which to file an answer as outlined in La. R.S. 19:5 C(6) and 19:6 did not begin to run and the default judgment rendered against it is null. After reviewing the notice contained in the record, we find that the trial court erred in determining that the notice requirements of La. R.S. 19:5 were substantially complied with. First, on the order signed by the trial court fixing the date for trial, "on the merits" is scratched out and a handwritten notation stating "pre-trial conference" is inserted. Additionally, the notice titled "La. R.S. 19:5 Notice" has "pre" inserted above "trial." Finally, the date of the alleged notice for trial is April 8, 2002, and the date set for "pre-"trial is May 13, 2002, which clearly is not at least sixty days as required by La. R.S. 19:5 B. Therefore, from our review of the record, we find that although East Feliciana Parish may have submitted to the court for signature a notice that substantially complied with the requirements of La. R.S. 19:5, the court clearly changed the purpose of that notice from notification of trial to notification of a pre-trial conference, as indicated by the handwritten notations and the insufficient time delay.
Because this notice does not comply with La. R.S. 19:5, and judgment rendered against a defendant who has not been served with citation as required by law is an absolute nullity, we find the trial court erred in rejecting Richland Plantation's petition for nullity. See State ex rel. Dept. of Social Services v. Langlois, 03-0849, p. 2 (La.App. 1st Cir.3/3/04), 874 So.2d 216, 217. Accordingly, we reverse the trial court's judgment. All costs of this appeal are to be borne by appellee, East Feliciana Parish.
REVERSED.